UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C19-5834-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated her testimony and the Court should remand the matter for further proceedings. Dkt. 10. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The ALJ rejected plaintiff's testimony about her physical and mental limitations. Turning to physical limitations, plaintiff contends the ALJ erroneously rejected her 2015 testimony she is "always short of breath and got tired easily," and her 2017 hearing testimony "she had an enlarged heart and pulmonary hypertension that made it difficult for her to breath"; and she had difficulty walking and "estimated that she could 100 steps before haing to stop and states that she stopped multiple times when she went up stairs." Dkt. 10 at 3.

Plaintiff first argues the ALJ erroneously failed to "explicitly reject" her testimony about her physical limitations, *id.*, and instead provided a narrative discussion of the medical evidence without explaining why he thought it undermined [plaintiff's] testimony." *Id.* at 4. Plaintiff is correct the ALJ failed to explicitly use the phrase "I reject plaintiff's testimony for the following specific reasons." However, plaintiff is incorrect the ALJ merely provided a narrative of the medical evidence thereby requiring the Court to speculate as to the grounds for the ALJ's conclusion. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (Court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusion.").

Rather, this is a case where the ALJ provided "some reasoning" that allows the Court to provide meaningful review. *Id.* The ALJ stated plaintiff's medical findings regarding her physical limitation were "unimpressive" noting in September 2015 her pulmonary system showed normal breath sounds, no evidence of obstructive lung disease and her dyspnea had improved. Tr. 31. The ALJ found in October 2015, plaintiff's dyspnea was likely related to pulmonary hypertension but her oxygenation and spirometry were normal and there was no evidence of air-trapping or restrictive lung disease. *Id.* In December 2015, plaintiff's records showed she had normal range of motion and ambulated without difficulty or assistance. Plaintiff's more recent echocardiogram did not show significant pulmonary hypertension. *Id.*

The ALJ noted plaintiff's April 2017 x-rays were normal and her heart stress test results were normal except for right ventrile which was moderately to severely dialated. *Id.* The ALJ also noted in November 2017, plaintiff's pulmonary records showed she was in no distress and had "good air movement" with no wheezing or rales. Tr. 32.

The ALJ's discussion is sufficient for the Court to reasonably discern the agency's path in discounting plaintiff's testimony. To be sure, the ALJ's rationale for rejecting plaintiff's testimony could have been clearer. But while the Court is not enthusiastic about the specificity of the ALJ's discussion, it providea enough for the Court to understand the ALJ rejected plaintiff's testimony about the severity of physical limitations—she cannot even "walk from the couch to the bathroom without gasping for air"— on the grounds it is inconsistent with the medical record. It is not a stretch to find the ALJ's discussion boils down to a determination that plaintiff's claimed physical limits do not square with her treatment records. This is a valid reason because the ALJ may properly discount a claimant's testimony on the grounds it is inconsistent with the medical record.

Plaintiff argues the medical record supports a diagnosis of pulmonary hypertension, implying the ALJ overlooked the diagnosis which supports her testimony. The argument fails because the ALJ found in October 2015, plaintiff's dyspnea was likely related to pulmonary hypertension. Tr. 31. The Court also notes although plaintiff challenges the manner in which the ALJ rejected her testimony, plaintiff has not shown the ALJ's assessment of the record is not supported by substantial evidence, i.e. the ALJ inaccurately described the medical record. Additionally, plaintiff has not pointed to anything in the medical record that was before the ALJ that contradicts the ALJ's determination. The Court accordingly cannot say the ALJ's determination is not reasonably supported by the record.

Plaintiff also contends post decision evidence submitted to the Appeals Council supports her testimony and thus undermines the ALJ's determination. *Id.* at 5-7. After the found plaintiff not disabled, she submitted records from Franciscan Heart and Vascular Assocates dated September 15, 2017 through August 28, 2018. Because the Appeals Council obviously

considered the evidence in finding it does not change the outcome of the ALJ's decision, the Court will also consider the evidence even though the Appeals Council "did not exhibit this evidence." Tr. 2. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n. 2 (9th Cir. 2007) (Given the appeals council considered the new evidence, this Court may also consider the medical records.); *Ramirez v. Shalala*, 8 F.3d 1449,1451-52 (9th Cir. 1993) (Court may consider new evidence submitted for the first time to the Appeals Council in determining whether the ALJ's decision is supported by substantial evidence.).

The Commissioner does not contend the Franciscan Heart and Vascular Assocates records plaintiff attached to her opening brief are not the same records presented to the Appeals Council. Dkt. 11. Rather the Commissioner contends they do not alter the ALJ's findings because they do not provide opinions showing plaintiff is more limited than the ALJ found. *Id.* at 7. As noted by the Appeals Council, plaintiff submitted records with a start date of September 15, 2017. Te September 2017 record indicates plaintiff reported to Dr. Zakharova that for the last two years, she has had shortness of breath (SOB) and is now unable to walk more than 10 feet. *See* Dkt. 10, Exhibit p.1. Dr. Zakharova indicated the "etiology of her disabling SOB" is unclear and that recent 2017 tests showed "no pulmonary hypertension." *Id.*

Dr. Zakharova found on physical examination, plaintiff's SpO2 level was 96%, she was in no acute distress, had normal range of motion, normal breath sounds, no respiratory distress and no wheezing. *Id.* at p. 4. Dr. Zakharova also indicated plaintiff has normal electrocardiogram and myocardial perfusion results and that her echocardiogram showed normal left ventricle, mild concentric left ventricular hypertrophy, not significant aortic valve stenosis or regurgitation, no significant hypertension, mild bi-lateral enlargement, mild dilation to right ventricle and mild dilation of the aortic root. *Id.* at p. 5.

In a March 2018, follow-up, Dr. Zakharova noted plaintiff statement she has shortness of breath; that " RHC and coronary angiograms showed normal coronoary arteries and severe PHTN (primary) not responsive to Floan; Torsemide and Sildenafil were initiated as well as supplemental O2. Her syptoms improved somewhat but she is still very SOB with exertion." *Id.* at 6.

Plaintiff emphasizes the post-decision records show her pulmonary hypertension is worse than the ALJ acknowledged and thus supports her testimony. Dkt. 10 at 7. Dr. Zakharova's records do not clearly show this. The doctor noted plaintiff's records showed possible pulmonary hypertension in 2015 but that her August 2017 test results showed no pulmonary hypertension. Dkt. 10, Exhibit at p. 1. However in November 2017, plaintiff's results again indicated "significantly elevated pulmonary hypertension." *Id*. at 11. The Court cannot say these records undermine the ALJ's decision. The records show plaintiff's pulmonary hypertension goes up and down. They do not show her hypertension is constantly abnormal and thus potentially more limiting than the ALJ found. The records also do not illuminate the severity of the shortness of breath limitation. The ALJ did not completely reject plaintiff's claim her shortness of breath was limiting. Instead he found it prevented her from performing past work and limited her to sedentary work.

The Court would be hard-pressed to say the records submitted to the Appeals Council alters this finding. The records do not contain any opinions from the doctors about the limits caused by plaintiff's condition. They do repeat plaintiff's claim she cannot walk more than 10 feet but this is not new medical evidence the Court can rely upon is assessing whether the ALJ's decision is undermined. The Court accordingly find the new evidence presented to the Appeals

Council does not undermine the ALJ's determination to discount her testimony about plaintiff's physical limitations.

The Court notes the ALJ found plaintiff non-complaince with medical treatment recommendations, failure to attend medical appointments, and drug seeking behavior are also reasons to reject her testimony about her physical limitations. Even assuming these are erroneous reasons to reject plaintiff's testimony, the Court nonetheless must affirm the ALJ's assessment about plaintiff's claimed physical limitations because the ALJ gave at least one valid reason supported by substantial evidence.

Turning to plaintiff's mental limitations, the ALJ found plaintiff's mental conditions limit her to work with only occasional interaction or exposure with the public and "restrict her "to dealing with occasional changes on her work environment." Tr. 30

The ALJ did not state he was rejecting plaintiff's testimony and instead recited findings from medical records from September 2104, October 2014, October 2015, and January 2016. These records indicate plaintiff at times demonstrated restricted affect; irritable, depressed and anxious mood; good eye-contact; logical or appropriate thought process and full orientation; impaired judgment and insight; tearful, attention seeking, and blame-placing behavior; cooperative and alert behavior; and labile and suicidal ideation. *Id.* at 30-31.

The ALJ's recitation of the medical record is insufficient. Revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, provides guidance on how adjudicators should evaluate a claimant's statements. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work.  SSR 16-3p does not, however, alter the standards by which courts will evaluate an

ALJ's reasons for discounting a claimant's testimony. To reject a claimaint's testimony, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008). A recitation of the medical record falls short of this standard. This is especially so because plaintiff's records about her mental health indicate at times she is better and at times she is worse. The ALJ errs by simply reciting the record without providing an explanation of how or why is diminishes plaintiff's testimony. The Court thus does not consider the recitation of the mental health record contained in the ALJ's decision to be a sufficient basis to reject plaintiff's testimony about her mental limitations.

As noted above the ALJ rejected plaintiff's testimony finding she failed to comply with medical treatment recommendations, failed to attend medical appointments, and engaged in drug seeking behavior. The first two reasons were directed solely to plaintiff's physical limits and thus are not grounds to reject plaintiff's claims about her mental limits. Drug seeking behavior does not undermine plaintiff's testimony. There is no dispute plaintiff has serious mental health problems that affect her ability to perfrom gainful work. The ALJ in fact found this was the case at step two and in fashioning a RFC that specifically included mental limitations. There is thus no evidence plaintiff is simply seeking drugs under the guise of made-up mental illness. The fact plaintiff may be seeking drugs (she has a history of substance abuse) does not mean her claims about the serverity of her mental illness must be discounted.

Therefore the Court concludes the ALJ erred in rejecting plaintiff's testimony about the severity of her mental health conditions. The error is harmful because the VE testified plaintiff

can perform jobs in the national economy that failed to account for all mental limitations claimed by plaintiff.

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess plaintiff's testimony about the severity of her mental limitations, develop the record and redetermine plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 4th day of March, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge